**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Randall Sutton,

    Petitioner,                      Case No. 1:05-CR-183-1
                                              (1:12-CV-315)

    v.

United States of America,            Case No. 1:07-CR-78-1
                                              (1:12-CV-263)

    Respondent.

## **OPINION & ORDER**

This matter is before the Court on Petitioner Randall Sutton's two Motions under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Case No. 1:05cr183-1, Doc. 186; Case No. 1:07cr78-1, Docs. 12, 13).  The United States filed Responses in Opposition.  (Case No. 1:05cr183-1, Doc. 195; Case No. 1:07cr78-1, Doc. 19.) Petitioner filed a Reply.  (Case No. 1:07cr78-1, Doc. 20.)   In addition, the United States filed a Motion to Amend/Correct its Response in Opposition (Case No. 1:05cr183-1, Doc. 205); Petitioner filed a Supplemental Memorandum Supporting his Motion to Vacate under 28 U.S.C. 2255 (Case No. 1:05cr183-1, Doc. 206); and the United States filed a Motion to Withdraw Motion to Amend/Correct.   (Case No. 1:05cr183-1, Doc. 208).

Also before the Court are Petitioner's Motions for Judgment on the Pleadings, or in the Alternative, for Summary Judgment (Case No. 1:05cr183-1, Doc. 194; Case No. 1:07cr78-1, Doc. 18).

For good cause shown, the United States' Motion to Withdraw Motion to Amend/Correct (Case No. 1:05cr183-1, Doc. 208; 1:07cr78-1, Doc. 22) is GRANTED.

I.    **Prior Proceedings**

Petitioner was involved in four armed bank robberies. One occurred in Kentucky, and three occurred in Ohio.[1] Petitioner was charged in federal court in Ohio and Kentucky. In this Court, Petitioner was indicted on six counts: in Counts 1, 3 and 5 Petitioner was charged with armed bank robbery in violation of Title 18 U.S.C.§ 2113(a) and (d), and in Counts 2, 4 and 6, Petitioner was charged with carrying and brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924 (c)(1). (Case No. 1:05cr183-1, Doc. 2.) ("the Ohio Indictment"). In the Eastern District of Kentucky, Petitioner was indicted on four counts: in Count 1, Petitioner was charged with aiding and abetting and armed bank robbery in violation of 18 U.S.C. § 2113 (a) and (d), and 18 U.S.C. § 2; in Count 2, Petitioner was charged with carrying and brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924 (c)(1); in Count 3, Petitioner was charged with being a felon in possession in violation of 18 U.S.C. § 922(g)(1); and in Count 4, Petitioner was charged with forfeiture of the firearm under 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461. (Case No. 1:07cr78-1, Doc. 1-1.) ("the Kentucky Indictment").

---

[1]The bank in Kentucky was a branch of Huntington Bank, located in Fort Wright. During the plea hearing, the Court asked FBI Agent Tony Ott to summarize the facts:

> AGENT OTT: . . . On or about July 27, 2005, Randall Sutton and Jessie Mongham entered the Huntington Bank located at 15 George Huser Drive in Ft. Wright, Kentucky, armed with handguns. Randall Sutton struck the manager in the head with the butt of his firearm. The other tellers were threatened. During the robbery, the men removed approximately $10,046.00 in U.S. currency from the custody of the Huntington Bank. The Huntington Bank was a member of the Federal Deposit Insurance Corporation, F.D.I.C. Sutton and Mongham then fled the bank.

(Doc. 146, at 22-23.)

On November 7, 2006, Petitioner's signed plea agreement was entered into this Court's record. (Doc. 75.) The plea agreement provides that Petitioner will enter a plea of guilty to Counts 1 and 2 of the Ohio Indictment. The plea agreement also provides that Petitioner agrees "to waive jurisdiction and proceed under Rule 20 and enter a plea of guilty to one additional count of Bank Robbery, in violation of 18 U.S.C. § 2113 (a) and (d) and one additional count of Carrying and Brandishing a Firearm During the Commission of a Crime of Violence in violation of 18 U.S.C. § 924(c) currently charged in the Eastern District of Kentucky." (Id. at 1-2.)

On February 15, 2007, Petitioner came before this Court to enter a guilty plea. (Doc. 98.) In reviewing the terms of the plea agreement, the AUSA explained:

> MR. OAKLEY: . . . There is a signed Plea Agreement with Mr. Sutton. It states, in summary, that he will enter pleas of guilty to Counts One and Two of the indictment with the penalties as previously described. In addition, he will waive jurisdiction and proceed in a Rule 20 and enter a plea of guilty to one additional count of bank robbery and one additional count of carrying and brandishing a weapon during a crime of violence currently charged in the Eastern District of Kentucky. The bank robbery carries, again, a maximum penalty of up to 25 years and a $250,000 fine, a five-year term of supervised release, and a $100 special assessment.
>
> The additional charge of carrying and brandishing a firearm under 924(c) carries a mandatory minimum sentence of 25 years incarceration with a potential life sentence with the fines as previously explained, $250,000, and the five-year supervised release. . . .

(Id. at 15-16.)

During the plea hearing, the Court and counsel had the following discussion:

> THE COURT: Counsel, do we deal with the Kentucky matters now or just put those in a holding pattern until the paperwork is done?
>
> MR. SMITH-MONAHAN: Whatever the Court prefers. He can plead guilty to all of them at once as far as we're concerned. I believe we could do that today.

3

> MR. OAKLEY: If the Court is comfortable, that's fine. The paperwork will be processed. We have been in contact with Kentucky, and they understand and agree with allowing him to plead guilty to the Fort Wright robbery.
>
> THE COURT: I think we probably ought to wait until the paper gets over here. I think Mr. Sutton, my understanding, he would be pleading to two counts in Kentucky?
>
> MR. SMITH-MONAHAN: It's a bank robbery and a 924(c), so yes, it's two counts.
>
> THE COURT: Okay. So we'll just cover Ohio today. . . .

(Doc. 146, at 5-6.) At the end of the hearing the following discussion took place:

> THE COURT: . . . Is there anything else we need to place of record at this time?
>
> MR. OAKLEY: Not from the United States, Your Honor.
>
> THE COURT: And then when you guys get the Kentucky paperwork set up, we'll just come in and do it.
>
> MR. OAKLEY: Yes, sir.
>
> MR. SMITH-MONAHAN: Yes, sir.
>
> THE COURT: . . . So, Mr. Sutton, I guess the next time I'll see you is when the Kentucky issues are worked out. Fair enough? And then we'll do the whole sentencing at one time after all of that stuff is worked out. Fair enough?
>
> THE DEFENDANT: Okay.

(Doc. 146, at 27-28.)

On June 27, 2007, the charges from Kentucky were transferred to this Court and the case was assigned Senior Judge S. Arthur Spiegel. (Doc. 1) On July 3, 2007, the undersigned consolidated the two cases. (Doc. 116.)

4

The next time Petitioner was before the Court was for sentencing on August 29, 2007.  The Court summarized the proceedings as follows:

> THE COURT:  . . . When we were last here for the plea on this case, Mr. Sutton had executed and we reviewed in open court a Plea Agreement which was dated 11/1/06.  At the time the plea was entered, Mr. Sutton had agreed to waive jurisdiction and proceed under Rule 20 on what we'll call the Kentucky charge.  At that time, he entered a plea of guilty to an additional count of Bank Robbery, which was in violation of 18 U.S.C. 2113(a) and (d), and one additional count of Carrying and Brandishing a Firearm During the Commission of a Crime of Violence of 18 U.S.C. 921(c).  In the Eastern District of Kentucky -- hang on one second.  Let's see.  The bank robbery charge carried a maximum penalty of up to 25 years, a $250,000 fine, a five-year term of supervised release, and a $100 special assessment.  The additional charge of Carrying and Brandishing a Firearm During the Commission of the Crime carried a mandatory minimum sentence of 25 years of incarceration with a potential of up to life, a fine of $250,000 and a five-year term of supervised release, a $100 special assessment.  At the time we entered the plea on the Ohio charge, that was part of the Plea Agreement and is contained in Paragraph 1.
>
> Since that time, we have been assigned a case number for that, I believe?
>
> THE CLERK: Do you want the case number?
>
> THE COURT: Yes.
>
> THE CLERK: It's Case Number 1:07-CR-78.
>
> THE COURT: 1:07-CR-78, which is now the Ohio case number for what was the Kentucky charge transferred pursuant to Rule 20, correct?
>
> THE CLERK: Correct.

(Doc. 149, at 2-3.)  Petitioner was sentenced as follows: on Count 1 of the Ohio Indictment Petitioner was sentenced to 132 months BOP Custody; on Count 1 of the Rule 20 Kentucky Indictment Petitioner was sentenced to 132 BOP Custody.  The sentences on these two counts are to be served concurrently.  On Count 2 of the Ohio Indictment, Petitioner was sentenced to 84 months BOP Custody to be served consecutively to the First Counts of the Ohio and Kentucky sentences.  On Count Two of the Rule 20

5

Kentucky Indictment, Petitioner was sentenced to 300 months BOP Custody to be served consecutively to the forgoing. This results in a total sentence of 516 months.[2]

Petitioner filed a direct appeal, which was denied on January 19, 2011 (Doc. 171) and a request for certiorari to the United States Supreme Court was denied on April 27, 2011 (Doc. 180).

## II. Section 2255 Claims

In the petition filed in Case No. 1:05cr183, Petitioner claims the following grounds entitle him to relief: (Ground One) the Government's factual basis does not support each essential element of the bank robbery offense; (Ground Two) his trial counsel was ineffective; and (Ground Three) his appellate counsel was ineffective.

In the petition filed in Case No. 1:07cr78, Petitioner claims the following grounds entitle him to relief: (Ground One) this Court was without authority to sentence him because he never entered a plea to the charges in the Kentucky Indictment; (Ground Two) the Government did not show that the financial institution was insured by the FDIC; and (Ground Three) his trial and appellate counsel were ineffective.

In addition, Petitioner requests an evidentiary hearing to allow him to "more fully prove his meritorious constitutional claims with the assistance of professional counsel." (Case No. 1:07cr78-1, Doc. 13, at 23).

## III. Analysis

A prisoner seeking relief under 28 U.S.C. § 2255 must allege either "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an

---

[2] All of the sentences resulted in 5 years Supervised Release with special conditions, restitution and special assessments.

error of fact or law that was so fundamental as to render the entire proceeding invalid." *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003) (citing *Weinberger v. U.S.*, 268 F.3d 346, 351 (6th Cir. 2001), *cert. denied*, 535 U.S. 967).

### A. Kentucky Indictment

The Government has waived any affirmative defense it may have that Petitioner has procedurally defaulted his claim that he never entered a plea as to the charges in the Kentucky Indictment. (See United States' Motion to Withdraw Motion to Amend/Correct (Case No. 1:05cr183-1, Doc. 208; 1:07cr78-1, Doc. 22)).

The Court finds that its failure to elicit a guilty plea to the charges in the Kentucky Indictment constitutes an error of fact or law that was so fundamental as to render the entire proceeding invalid. Therefore, the Court GRANTS Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence as to Ground One in Case No. Case No. 1:07cr78-1. (Docs. 12, 13).

Accordingly, the Court VACATES Petitioner's convictions on the two Kentucky counts. Petitioner will be permitted the opportunity to enter a valid plea to the Kentucky charges, consistently with his plea agreement.

### B. FDIC

In Ground One in Case No. 1:05cr183 and in Ground Two in Case No. 1:07cr78-1 Petitioner argues that Government's factual basis does not support each essential element of the bank robbery offense because the Government did not show that the financial institution was insured by the FDIC.

Petitioner points out that during the plea hearing, Agent Ott testified that Huntington Bank was "a member of the Federal Deposit Insurance Corporation."

Petitioner claims that alleging that a bank is a member of the FDIC is not sufficient to show that the bank's finances are insured by the FDIC.

At the outset, the Court notes that Petitioner failed to raise the issue of whether the financial institutions were insured by the FDIC as part of his direct appeal. The only claims that Petitioner raised on direct appeal were: (1) this Court erred in denying his motions to suppress, and (2) a challenge to the procedural and substantive reasonableness of his sentence. *U.S. v. Randall Sutton*, 406 Fed.Appx. 955, 957 (6th Cir. 2011). Accordingly, Petitioner has procedurally defaulted this claim.

"Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" *Bousley v. United States*, 523 U.S. 614, 622, 118 S. Ct. 1604, 1611, 140 L. Ed. 2d 828 (1998) (citations omitted).

To demonstrate cause, Petitioner explains that his failure to raise this issue was due to the ineffective assistance of counsel.[3] "Attorney error may constitute cause if it rises to the level of constitutionally ineffective assistance of counsel." *Barrow v. United States*, 8 F. App'x 286, 288 (6th Cir. 2001) (citing *Rust v. Zent*, 17 F.3d 155, 161 (6th Cir. 1994)). As discussed below, Petitioner has not satisfied this burden.

D. **Ineffective assistance of counsel**

"The Supreme Court has established that for a criminal defendant in federal custody a motion under 28 U.S.C. § 2255 is generally the preferred mode for raising a claim of ineffective assistance of counsel." *United States v. Ferguson*, 669 F.3d 756,

---

[3]Petitioner also makes reference to his *pro se* status. Petitioner was not proceeding *pro se* on appeal, and instead was represented by counsel.

762 (6th Cir. 2012) (citing *Massaro v. United States*, 538 U.S. 500, 504 (2003) ("[i]n most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance.")).

"In order to succeed on an ineffective assistance of counsel claim in the context of a guilty plea, a defendant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his defense such that there is 'a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Id.* (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). Claims of ineffective assistance of counsel in the plea bargain context are governed by the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). *Missouri v. Frye*, 132 S. Ct. 1399, 1405 (2012). Under the first prong, the petitioner must show that counsel's representation fell below an objective standard of reasonableness. *Id.* at 56. Under the second prong, the petitioner must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 58.

In the petition filed in Case No. 1:05cr183, Petitioner claims that his trial counsel's representation fell below an objective standard of reasonableness because his trial attorney failed to raise the issue regarding insufficient proof of the banks' deposits being insured by the FDIC.[4] Petitioner claims that his appellate counsel was ineffective because he failed to raise the issue of ineffectiveness of trial counsel.

---

[4] In his petition in Case No. 1:05cr183, Petitioner states that the fact supporting his grounds for relief will be provided in a "Forthcoming Memorandum in Support." However, this memorandum was not filed in 1:05cr183, and was only filed in 1:07cr78. (See Doc. 13).

9

In the petition filed in Case No. 1:07cr78, Petitioner claims that his counsel's representation fell below an objective standard of reasonableness because his trial attorney failed to notify the Court that a plea to the Kentucky Indictment was never entered; and failed to argue that the Government provided insufficient proof regarding the bank's deposits being insured by the FDIC. Petitioner claims appellate counsel was ineffective for failing to raise both these issues, as well as failing to raise a claim of ineffective assistance of trial counsel.

Because Petitioner has been granted relief as to the Kentucky Indictment (Ground One in Case No. 1:07cr78), Petitioner's claims that his counsel was ineffective for failing to inform the Court that there was never a plea to the Kentucky Indictment are moot.

"As a general rule, a defendant may not raise ineffective-assistance-of-counsel claims for the first time on direct appeal, since there has not been an opportunity to develop and include in the record evidence bearing on the merits of the allegations." *United States v. Warman*, 578 F.3d 320, 348 (6th Cir. 2009)). Therefore, there was no error in appellate counsel's failure to raise ineffective-assistance-of-counsel claims concerning trial counsel's performance. *Accord Haynes v. United States*, No. 07-20639, 2014 WL 103216, at *4 (E.D. Mich. Jan. 10, 2014).

Therefore, the only remaining basis for claiming ineffective assistance of counsel centers on the Government's proof as to the banks' deposits being insured by the FDIC.

"In a bank robbery prosecution under 18 U.S.C. § 2113(a), the government must prove that the victim bank's deposits were insured by the FDIC at the time of the robbery in order to establish the jurisdictional element of the offense." *United States v. Pacheco*,

466 F. App'x 517, 523 (6th Cir. 2012) (citing *United States v. Sandles*, 469 F.3d 508, 513 (6th Cir.2006)). The Sixth Circuit has explained:

> Although evidence that a bank is insured by the FDIC at the time of the robbery is essential to the government's case under 18 U.S.C. § 2113, *United States v. Wingard*, 522 F.2d 796, 797 (4th Cir. 1975) (per curiam), *cert. denied*, 423 U.S. 1058 (1978); *United States v. Glidden*, 688 F.2d 58, 59 (8th Cir.1982) (per curiam), a guilty plea, where there is no assertion that the plea was involuntary or made with a lack of understanding of the nature of the charges or consequences of the plea, admits all averments of fact in the indictment, cures all non-jurisdictional defects, waives all defenses, and relieves the prosecution from the duty of proving any facts. *Tollett v. Henderson*, 411 U.S. 258, 260-67 (1973); *United States v. Davis*, 452 F.2d 577, 578 (9th Cir. 1981) (per curiam). Furthermore, a guilty plea admits even those factual allegations in the indictment that form the predicate for federal jurisdiction. *United States v. Matthews*, 833 F.2d 161, 164 (9th Cir. 1987).

*Burch v. United States*, 875 F.2d 862 (6th Cir. 1989). Moreover, the Indictments filed in the Ohio and Kentucky cases expressly state that the deposits of the banks were insured by the FDIC at the time of the robberies. (Case No. 1:05cr183-1, Doc. 2; Case No. 1:07cr78-1, Doc. 1-1). "An indictment which alleges that the defendant robbed a bank the deposits of which were insured by the Federal Deposit Insurance Corporation is sufficient to establish federal jurisdiction." *Id.* (citing Wheeler v. United States, 317 F.2d 615, 617 (8th Cir. 1963). Petitioner's counsel cannot be deemed insufficient for failing to raise a meritless issue.

Because Petitioner has not shown that his counsel's performance fell below an objective standard of reasonableness, the Court finds it unnecessary to address the issue of prejudice. *See Strickland*, 466 U.S. at 694 (directing that courts need not address both components of the inquiry "if the defendant makes an insufficient showing on one").

11

Therefore, Petitioner is not entitled to habeas relief based upon a claim of ineffective assistance of counsel.

## IV. Conclusion

Pursuant to Title 28 U.S.C. § 2255, the Court finds that motions, files, and records of this case show that Petitioner is entitled to partial relief. A hearing is not necessary to determine the remaining issues and make the findings of fact and conclusions of law with respect thereto. *Accord Smith v. U.S.*, 348 F.3d 545, 550-51 (6th Cir. 2003). Accordingly, it is **ORDERED** that:

1. The United States' Motion to Withdraw Motion to Amend/Correct (Case No. 1:05cr183-1, Doc. 208; 1:07cr78-1, Doc. 22) is **GRANTED**;

2. The United States' Motion to Amend/Correct its Response in Opposition (Case No. 1:05cr183-1, Doc. 205) is **DENIED as MOOT;**

3. Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Case No. Case No. 1:07cr78-1, Docs. 12, 13) is **GRANTED in PART, DENIED in PART**;

    a. The Court GRANTS Petitioner's Motion as to Ground One;

    b. The Court DENIES Petitioner's Motion as to Grounds Two and Three;

4. Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Case No. 1:05cr183-1, Doc. 186) is **DENIED**;

5. Petitioner's Motions for Judgment on the Pleadings, or in the Alternative, for Summary Judgment (Case No. 1:05cr183-1, Doc. 194; Case No. 1:07cr78-1, Doc. 18) are **DENIED as MOOT**;

6. Case No. 1:12cv315 and Case No. 1:12cv263 are **CLOSED** and **TERMINATED** from the docket of this Court.

    **IT IS SO ORDERED.**

      */s/ Michael R. Barrett*
      MICHAEL R. BARRETT, Judge
      United States District Court